## Tay & a. *v.* Piage.

An appeal lies from the Court of Common Pleas after a trial upon a review, where a review is allowable under the statute of 1855.

This action was pending in the late Court of Common Pleas, was transferred to the present Court of Common Pleas, and there tried. A verdict was found for the defendant March term, 1856, and a judgment rendered thereon at the same term, open to review by order of court. The verdict being for the plaintiff, upon the trial of the action of review, the defendant claimed an appeal, which was disallowed by the court, and the defendant filed exceptions, which were allowed.

*Flint & Bryant*, for the defendant.

*Chandler*, for the plaintiff.

Bell, J. By the statute remodeling the judiciary, statute 1855, chap. 1659, sec. 24, it is provided that " no right of review shall hereafter exist in civil actions in the Court of Common Pleas or Supreme Judicial Court, unless judgment shall be rendered open to review by agreement of the parties, or by order of court." The original judgment having been rendered open to review by order of court, the action is properly brought; and the only question is, if an appeal lies after verdict in the Court of Common Pleas, in an action of review. By the terms of the act before referred to, " in all civil actions where the Court of Common Pleas have not exclusive jurisdiction, either party shall have the right to appeal from the decision of that court to the Supreme Judicial Court, at the trial term next to be holden in the county." This is a civil action of a class of which the Court of Common Pleas has not

Tay *v.* Paige.

final or exclusive jurisdiction, the amount of damages demanded exceeding one hundred dollars.

It is ingeniously argued that the Court of Common Pleas has exclusive jurisdiction of actions of review, be-because from the nature of the proceeding it must be brought in the court and the county in which the original verdict and judgment was rendered. But the argument is not sound. A court may have jurisdiction, that is, all necessary authority to hear and decide many cases, which cannot ordinarily be brought there by reason of other rules of law, not affecting the jurisdiction. The Supreme Court has jurisdiction of all personal actions in which more than one hundred dollars shall be claimed in damages. Yet another rule of law requires such actions, where the parties are inhabitants of the State, to be brought in a county where one of the parties may be an inhabitant, and not elsewhere. If this rule is disregarded, the objection does not go to the jurisdiction of the court. If no advantage is taken of the neglect of the rule in due season, the case proceeds, the jurisdiction is unquestionable. It does not follow because a case may be abated at the choice of the adverse party, if not brought in a particular court, that another court has not jurisdiction of it.

In the case of *Robinson* v. *McDuffie*, 5 N. H. 41, a question very closely resembling the present arose and was decided under an older statute. The court there say, "the decision of this question must depend on the true intent and meaning of the statute of December 21, 1824, which enacts that 'any party aggrieved at any judgment, not rendered on default, of the Court of Common Pleas, in any personal action, wherein issue has been joined, &c., may appeal therefrom to the next Superior Court of Judicature'. Is the judgment rendered on a new trial in the Common Pleas, granted by the Superior Court, from which the appeal has been claimed, within the true intent and meaning of this clause of the statute? It is certainly

within the letter of the statute.   What is there in the spirit, which can take it out of the letter of the statute? Nothing is perceived.   Instances may be supposed in which the propriety of giving an appeal from such a judgment is very obvious."   And we may add that whatever reasons may be supposed to exist in favor of allowing an appeal in any case, may apply with equal force in this. Though the earlier statute differs from the present in some respects, yet the objections to appeals then were substantially the same as at this time.   It is no objection to an appeal that repeated new trials may have been granted by the court below.

Upon these views the exceptions are sustained and the
*Appeal allowed.*